| | |
|---|---|
| 1 | |
| 2 | WEINSTEIN, PINSON & RILEY, P.S.<br>Gail A. Rinaldi - SBN 133354 |
| 3 | 3830 Valley Centre Drive.<br>Suite 705411 |
| 4 | San Diego, CA 92130<br>Telephone: 760-846-1003 |
| 5 | Facsimile: 858-481-0545<br>Email: GailR@w-legal.com |
| 6 | Attorney for Movant |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 10-45094 |
| | ) | |
| ELDON LEROY STIDHAM | ) | Chapter 13 |
| SUZANNE LORENE STIDHAM, | ) | |
| | ) | RS No. GAR-1 |
| Debtors. | ) | |
| | ) | |
| | ) | **MOTION FOR RELIEF FROM** |
| | ) | **AUTOMATIC STAY** |
| | ) | |
| | ) | Property: 3401 Augusta Court, Hayward, CA |
| | ) |              94542 |
| | ) | |
| | ) | Date: August 27th, 2014 |
| | ) | |
| | ) | Time: 1:30 PM |
| | ) | |
| | ) | Ctrm: 201 |
| | ) | |
| | ) | Location: CA - NORTHERN - OAKLAND |
| | ) | U.S. BANKRUPTCY COURT |
| | ) | 1300 CLAY STREET |
| | ) | OAKLAND, CA 94612 |
| | ) | |
| | ) | Judge: |
| | ) | HONORABLE ROGER L. EFREMSKY |
| | ) | |

Nationstar Mortgage LLC, as servicer for Wells Fargo Bank, National Association, as Trustee for Structured Adjustable Rate Mortgage Loan Trust, Mortgage Pass-through Certificates, Series 2004-16 ("Movant"), submits this motion (A) to compel debtors Eldon Leroy Stidham and Suzanne Lorene Stidham (the "Debtors") to cure post-confirmation defaults under their confirmed

1

plan (the "Plan"), or, in the alternative (B) pursuant to section 362(d)(1) of title 11 of the United States Code, 11 U.S.C. 101 et seq. (the "Bankruptcy Code") for termination of the automatic stay to permit foreclosure. The Debtors have not made the payments owed to Movant under their confirmed Chapter 13 plan (the "Plan") starting with the payment due February 1, 2014, and arrears of at least $10,045.60 are now due. Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase order, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements in support of right to seek relief from the automatic stay and foreclose if necessary.

Movant's preference is for the Debtors to comply with the Plan, cure the post-confirmation arrears and continue on their heretofore successful path towards obtaining their discharge. But if they are no longer able to make the payments required by the Plan, the Court should terminate the stay to permit Movant to foreclose.

## STATEMENT OF FACTS

The Note and Mortgage
And the Assignment to Movant

1. On August 26, 2004, Eldon L. Stidham and Suzanne L. Stidham ("Debtors") borrowed $516,000.00 from Lehman Brothers Bank, FSB, a Federal Savings Bank ("Original Lender") pursuant to a 30-year variable interest rate promissory note bearing an initial interest rate of 5.8750% (the "Note"). The initial monthly payment was $2,526.25. A copy of the Note is attached as Exhibit A.

2. To secure repayment of the Note the Debtors executed a Deed of Trust (the "Deed of Trust") granting Original Lender a first priority security interest in their residence located at 3401 Augusta Court, Hayward, CA 94542. A copy of the Mortgage is attached as Exhibit B.

3. Original Lender caused the Deed of Trust to be recorded on September 08, 2004 as Instrument No.: 2004405360 in the Alameda Recorder Office, California.

4. On June 11, 2010, Original Lender assigned the Deed of Trust to Aurora Loan services LLC. On June 28, 2012, Aurora Loan services LLC assigned the Deed of Trust to Nationstar Mortgage LLC. On May 2, 2014, Nationstar Mortgage LLC assigned the Deed of Trust to Movant. Copies of the assignments are attached as Exhibit C.

5. The Note was endorsed in blank by Original Lender. Movant has the Note in its possession.

<u>The Petition, the Claim and the Plan</u>

6. On May 03, 2010, the Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. On Schedule D, filed with the petition, the Debtors included an undisputed obligation in the amount of $516,000.00 owed to Aurora Loan services LLC.

7. On May 03, 2010 and August 24, 2010, Debtors filed their Chapter 13 Plan and First Modified Chapter 13 Plan, in which they stated that they intended to pay Aurora Loan services LLC the amount of $2,507.71 per month in respect of monthly mortgage payments, and that they intended to continue to make the payments required by the Note and the Mortgage throughout the life of the Plan.

8. On June 25, 2010 and August 23, 2010, Aurora Loan services LLC filed a timely proof of claim and amended proof of claim in the amount of $528,700.41. On August 02, 2012, Aurora Loan services LLC filed a transfer of claim to Movant. Copies of the proof of claims and transfer of claim are attached as Exhibit D. The amended proof of claim reflected prepetition arrearages in the amount of $15,562.40.

9. On July 13, 2010 and August 26, 2010, the Court entered an order confirming the Plan and Order granting Motion to Modify Plan. [Docket No. 25 and 38].

10. As of the date of this Motion, the Plan still has approximately several years to run, and the Debtors have not yet obtained their discharge.

<u>The Default</u>

11. The Debtors made the payments due under the Note and the Plan through January 2014, but have been in default beginning with payment due on February 1, 2014. The current unpaid balance as of June 27, 2014 is $516,000.00 and arrearages total $10,045.60. A copy of a schedule showing the payment history is attached as Exhibit E to the Declaration filed in support of this Motion. [1]

The Residence

12. The Debtors stated that the Residence was worth $500,000.00 as of the Petition Date.

Efforts to Resolve the Delinquency Without Litigation

13. On September 05, 2013, counsel for Movant sent a message by e-mail to Debtors' counsel again advising counsel that Movant was contemplating stay relief and offering to discuss an amicable resolution to the matter. Debtors' counsel has not replied to the message.

ARGUMENT

POINT ONE

THE COURT SHOULD ORDER DEBTORS TO COMPLY
WITH THEIR OBLIGATIONS UNDER THE CONFIRMED PLAN

14. The Plan provides that the Debtors will make the monthly payments owed to Movant pursuant to the Note. The Court confirmed the Plan, and it is a binding contract between the Debtors and Movant, on which Movant is entitled to rely and which it is entitled to ask the Court to enforce. Movant therefore respectfully requests that the Court order the Debtors to cure the arrears within a reasonable time. In the alternative, as discussed below, if the Debtors are not able to cure the arrears within a reasonable time, Movant requests that the Court terminate the automatic stay.

---

[1] The amounts referenced herein are approximations for purposes of this motion only and should not be relied upon to payoff and/or reinstate the Loan as interest and additional advances may come due subsequent to the filing of this motion. Interested parties can obtain an exact payoff amount and/or reinstatement quote by contacting Movant's undersigned counsel.

## POINT TWO

### FAILURE TO MAKE MULTIPLE PAYMENTS CONSTITUTES CAUSE FOR STAY RELIEF

15. Movant's records reflect that Debtors are delinquent with respect to at least 5 post-confirmation payments. Failure to make multiple post-confirmation payments on a secured obligation constitutes cause to terminate the stay to permit foreclosure. Section 362(d)(1) of the Bankruptcy Code provides:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

16. Cause is not defined in the Bankruptcy Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. *Mac Donald v. Mac Donald (In re Mac Donald),* 755 F.2d 715, 717 (9th Cir.1985); *Kronemyer v. Am. Contractors Indem. Co. (In re Kronemyer),* 405 B.R. 915, 921 (9th Cir.BAP2009); *In re Reitnauer,* 152 F.3d 341, 343 n. 4 (5th Cir.1998); *In re Mendoza,* 111 F.3d 1264 (5th Cir.1997).

17. A debtor's failure to make post-petition mortgage payments as they become due in a chapter 13 case may constitute prima facie "cause" for relief from the automatic stay under section 362(d)(1). *In re Marks,* 2012 WL 6554705 (9th Cir.BAP (Cal.); *Americredit Fin. Servs. Inc. v. Nichols (In re Nichols),* 440 F.3d 850, 856 (6th Cir. 2006); *In re Neals,* 459 B.R. 612, 620 (Bankr. D.SC 2011); *Ellis v. Parr (In re Ellis),* 60 B.R. 432, 435 (9th Cir.BAP 1985); *In re Miano,* 261 B.R. 391, 392-93 (Bankr. D. N.J. 2001)(dicta); *In re Oare,* 181 B.R. 16, 19 (Bankr. N.D.Y.Y. 1995); *Lomas Mortg. USA, Inc. v. Elmore (In re Elmore),* 94 B.R. 670, 678 (Bankr.C.D.Cal.1988); *In re Davis,* 64 BB.R. 358 (Bankr. S.D.N.Y. 1986); *In re Marter,* 61 B.R. 271 (Bankr. E.D.Pa. 1986); *In re Shahid,* 27 B.R. 673 (S.D. Ohio 1982).

18. Under these authorities stay relief is not automatic merely because the debtors have missed plan payments; the Court must examine the facts to determine whether cause exists.

Relevant factors include whether the default is material, whether the debtors have the ability to make the plan payments and cure the arrears, and whether the default was caused by circumstances beyond the debtors' control.

19. The arrears are material within the context of this case and the delinquency has persisted for many months without explanation. The Debtors have not attempted to communicate with Movant to reach an accommodation and have not responded to Movant's attempt to contact their counsel, nor have they moved to modify the Plan to obtain relief due to circumstances beyond their control. They have just stopped paying. Under these facts, cause exists to terminate the stay.

## CONCLUSION

For the reasons set out above, Movant respectfully prays that the Court enter an order (i) requiring the Debtors to cure the arrears (ii) modifying the automatic stay to permit Movant to foreclose on the Residence (iii) waiving the 14 day stay prescribed by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure, (iv) waiving the notice requirements of subsections (b) and (c) of Rule 3002.1 of the Federal Rules of Bankruptcy Procedure as they relate to Movant's secured claim on the Premises, (v) permitting Movant to recover its reasonable attorney fees and costs incurred in prosecuting the instant motion by adding those amounts to the outstanding balance under the Note as allowed under applicable non-bankruptcy law, and (vi) granting such other relief as justice may require.

Dated: July 29, 2014

Weinstein, Pinson & Riley, P.S.

/s/ Gail A. Rinaldi
Gail A. Rinaldi - SBN 133354
3830 Valley Centre Drive.
Suite 705411
San Diego, CA 92130
Telephone: 760-846-1003
Facsimile: 858-481-0545
Email: GailR@w-legal.com
Attorney for Movant